**SECURITY STORAGE COMPANY OF WASHINGTON, Appellant,**

v.

**Diana D. CAVE, Appellee.**

**No. 86–1172.**

District of Columbia Court of Appeals.

Argued June 10, 1987.
Decided July 16, 1987.

Frederick A. Ballard, Washington, D.C., for appellant.

Diana D. Cave, pro se.

B. Michael Rauh, Washington, D.C., also entered an appearance for appellee.

Before NEBEKER, MACK and STEADMAN, Associate Judges.

PER CURIAM:

Following a bench trial, a $9,098.29 judgment was entered against appellant, Security Storage, as damages for failure to deliver to appellee goods stored in appellant's warehouse pursuant to a written contract between the parties. Security Storage asserts that it was excused from delivery because within a reasonable time it filed an interpleader action seeking adjudication of competing claims to the goods between ap-

pellee and her ex-husband. *See* D.C.Code § 28:7–603 (1981). The trial court rejected appellant's argument. We affirm.

The essential facts are not in dispute. In September, 1982, Security Storage entered into an agreement with appellee whereby, for a monthly fee, it agreed to store in its warehouse certain goods shipped by appellee from her home in South Hadley, Massachusetts. The agreement provided that appellee was entitled to possession of the goods upon demand, provided she made full payment of storage fees. Appellee was the sole signatory to the contract and had been assured previously that she was permitted to enter into the contract in her individual capacity. At all times, appellee fully performed her obligations.

By letter dated September 22, 1982, an attorney for appellee's ex-husband notified Security Storage of Mr. Cave's asserted ownership interest in the stored items and requested Security Storage to refrain from taking any action which might defeat his claims. On September 24, 1982, appellee requested delivery of a small amount of the goods. By letter of October 13, 1982, Security Storage denied the request based on Mr. Cave's asserted ownership interest. When Security Storage made the initial decision to deny appellee access to the property, Mr. Cave had not initiated any legal action asserting an ownership interest in the goods shipped. In an October 21, 1982 letter, appellee's former counsel demanded delivery from Security Storage. Security Storage again refused to deliver the items but encouraged negotiations between appellee and her ex-husband.

Appellee then requested access to remove certain items she and her young son needed, including personal clothing for the fall and winter months. The court found as a fact that appellee had brought only two suitcases of summer clothing when she and her son moved from Massachusetts. Everything else was in storage. Appellee was not opposed to a joint inventory of the items and Security Storage wrote to appellee's ex-husband suggesting joint access. Appellee's ex-husband, however, refused to

come to the District of Columbia to jointly inventory the goods and refused to grant "authorization" for appellee's access to the property. Security Storage then refused appellee access. Appellee started purchasing substitute items for those in storage.

In January, appellee filed suit for recovery of the items. On January 26, 1983, Security Storage filed an answer and a counterclaim for interpleader. The counterclaim represented the first time Security Storage filed an interpleader action. At trial, Security Storage alleged that representations by Mr. Cave's attorneys persuaded it to refrain from filing an action sooner.

By Order dated June 9, 1983, the trial court directed Security Storage to release to appellee the property it held in storage on the condition that appellee not dispose of it until ownership of the property was determined. The interpleader action was dismissed as moot. When Security Storage demanded payment of the storage costs as a condition for release, appellee paid $1,198.34 under protest.

Appellee continued to assert her claim for recovery of the cost of the replacement items. At the June 26, 1986 trial, she presented receipts for items totalling $7,899.95, and the court found as a fact that such items were replacements for similar goods which appellee had shipped to Security Storage. Finding that Security Storage had failed to either reasonably ascertain the validity of the ex-husband's claims or timely bring an interpleader action, the court awarded appellee a total of $9,098.29. $7,899.95 of the award represented the cost of replacement items and $1,198.34 represented the storage fee which appellee paid under protest.

■■■ D.C.Code § 28:7–403 (1981) provides that a "bailee *must deliver* the goods [in storage] to a person entitled under the document" to receipt of the goods provided certain conditions are met. (Emphasis added.) It is undisputed that those conditions were met. Security Storage asserts, however, that under § 28:7–603, it was excused from delivery:

If more than one person claims title or possession of the goods, the bailee is excused from delivery until he has had a reasonable time to ascertain the validity of the adverse claims or to bring an action to compel all claimants to interplead and may compel such interpleader, either in defending an action for non-delivery of the goods, or by original action, which ever is appropriate.

*Id.*

Section 28:7–603 requires a bailee to do one of two things within a reasonable time after demand for delivery: (1) ascertain the validity of the adverse claims, or, (2) file an action for interpleader. It is undisputed that Security Storage never ascertained the validity of the ex-husband's adverse claim. Nor did it file an interpleader action until some four months after appellee's initial delivery request. Moreover, the trial court found that Security Storage had ample reason to believe that the party asserting the adverse interest would not enter into a voluntary settlement of the dispute without a court order. Finally, despite the fact that appellee's ex-husband refused to jointly inventory the stored goods, and despite reasonable requests for access to such personal items as clothing (ownership of which could have been determined by mere inspection of the items), access was denied. It was not reasonable for Security Storage to anticipate that Mr. Cave would succeed in a claim of title to clothing and like items of his former wife and their child. Under those circumstances, there is evidence to support the finding that Security Storage did not timely ascertain the validity of the adverse claim to the items appellee needed for the fall and winter and was forced to replace, and did not timely file an action for interpleader.

*Affirmed.*